**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TODD SMITH**, <br><br> Plaintiff, <br><br> v. <br><br> **NATIONAL RAILROAD PASSENGER CORPORATION**, **d/b/a AMTRAK**, <br><br> Defendant. | Civil Action No. 22-cv-322 (TSC) |

## OPINION AND ORDER

On February 7, 2022, Plaintiff Todd Smith initiated this action against Defendant Amtrak, alleging discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"). *See* Am. Compl. ¶¶ 31–46, ECF No. 29. Following the close of discovery on May 9, 2023, Defendant filed a Motion for Summary Judgment, ECF No. 23, which the court denied. *See* Order, ECF No. 28. In its Order, the court granted Plaintiff leave to amend his Complaint to expand "the bases for his retaliation claim to include those argued in his summary judgment briefing."[1] *Id*. Plaintiff filed his Amended Complaint on October 30, 2025. *See* Am. Compl. Defendant filed its Answer to the Amended Complaint on January 21, 2026, and soon thereafter moved to reopen discovery in light of the Amended Complaint. *See* Mot. for Disc.

---

[1] Specifically, the court agreed with Defendant's observation that Plaintiff's Opposition to the Motion for Summary Judgment incorporated additional bases for retaliation not contained in the original Complaint but concluded that it retained authority to *sua sponte* permit a party leave to supplement an allegation "with evidence that arose out of the transaction or occurrence." *See* Mem. Op. at 8 n.2, ECF No. 27.

("Def.'s Mot."), ECF No. 38.  For the reasons below, Defendant's Motion is GRANTED in part and DENIED in part.

Under Federal Rule of Civil Procedure 16, district courts must issue scheduling orders governing various deadlines, including the deadline to complete discovery.  Fed. R. Civ. P. 16(b)(1), (b)(3)(A).  "Such orders not only allow the parties to organize the course of the litigation, but, equally importantly, permit the court to control its docket."  *Lopez v. Timeco Inc.*, 291 F. Supp. 3d 1, 3 (D.D.C. 2017).  Consequently, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In deciding whether good cause exists to amend a scheduling order and reopen discovery, courts consider:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence.

*Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000).  Nonetheless, the court's "primar[y]" consideration "is the diligence of the party in seeking discovery before the deadline."  *Lopez*, 291 F. Supp. 3d at 3 (cleaned up).

Defendant represents that it seeks to reopen discovery to "explore" allegations contained in Plaintiff's Amended Complaint, including:

> (1) that Amtrak stated that it could no longer guarantee his position and would fill his position if he was unable to return to work; (2) that Plaintiff notified Amtrak that he was able to return to work in June 2021 as a result of the more aggressive surgery; (3) that Amtrak's reason for hiring someone to replace him was Plaintiff's medical leave; (4) that if Amtrak filled Plaintiff's job, he would be reassigned; (5) that Amtrak reached out to Plaintiff about other job placements; (6) that Amtrak designated Plaintiff as ineligible for rehire; and (7) that Amtrak's designation of Plaintiff as ineligible for rehire was retaliation.

Def.'s Mot. at 4–5.  Defendant argues that it has good cause for its request because it relates to new factual assertions Plaintiff raised for the first time after the close of the prior discovery period, and "[a]bsent reopening discovery, the Parties will not have an opportunity to explore" them.

Def.'s Mot. at 5. Plaintiff counters that Defendant merely seeks "a second bite at the apple after an adverse summary-judgment ruling," Pl.'s Opp'n to Def.'s Mot. at 2 ("Pl.'s Opp'n"), ECF No. 39, and suggests that Defendant already explored or had reason to explore the topics for which it now seeks to reopen discovery. *Id.* at 1, 4–5. Moreover, according to Plaintiff, Defendant already possesses the relevant information in its own files, systems, and witnesses "because this is an employment discrimination case." *Id.* at 1.

While the court agrees that good cause supports limited additional discovery regarding Plaintiff's allegations relating to the new bases for his retaliation claims, the court is not persuaded that good cause supports reopening discovery wholesale.

With regard to the first factor—whether trial is imminent—it is undisputed that no trial date is set. *See* Pl.'s Opp'n at 5. Plaintiff counters that courts in this District have "denied reopening even when trial was not imminent where the moving party failed to show diligence or sought a post-summary-judgment do-over." *Id.* (citing *Lopez*, 291 F. Supp. 3d at 4–6). But this is not a situation where a party "seek[s] additional discovery on the sole basis that its motion for summary judgment has been denied." *Lopez*, 291 F. Supp. 3d at 4. Rather, Defendant's request also pertains to allegations that Plaintiff raised for the first time in his Amended Complaint, following both the close of the prior discovery window as well as the court's denial of Defendant's Motion for Summary Judgment. And although the second factor militates against Defendant, given Plaintiff's opposition, and the court recognizes further discovery will impose real burdens such as cost, time, and tactical disruption, *see* Pl.'s Opp'n at 7–9, these burdens flow, at least in part, from Plaintiff's own tactical decision to invoke additional bases for retaliation beyond termination in his Opposition to Defendant's Motion for Summary Judgment and subsequent amendments. *See* Mem. Op. at 8 n.2; Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 22–24, ECF No.

24. Indeed, the court contemplated that Plaintiff's Amended Complaint could shift the focus of his retaliation claim when it invited Defendant to raise any prejudice that would result from granting Plaintiff leave to amend. *See* Mem. Op. at 8 n.2.

For similar reasons, the court finds that Defendant exercised the requisite diligence in its prior discovery efforts, but only insofar as Defendant's request relates to Plaintiff's new bases for retaliation. While Defendant had ample time to engage in discovery on facts asserted in the original Complaint during the original discovery window, between March 2022 and May 2023, Defendant had no cause to inquire more deeply into the facts surrounding Plaintiff's allegations regarding Amtrak's efforts to reassign him and failing to rehire him at that time because, as explained above, Plaintiff incorporated those bases for retaliation in his Amended Complaint after discovery closed. *Compare* Compl. ¶ 47, ECF No. 1 ("Amtrak retaliated against Smith when it terminated him."), *with* Am. Compl. ¶ 44 ("Amtrak retaliated against Smith for his protected activity when, rather than reassign him to a new position, it terminated his employment outright and designated him as ineligible for rehire in the future."). The court recognized as much when it granted Plaintiff leave to amend. *See* Mem. Op. at 8 n.2. Accordingly, it was not foreseeable that further discovery was warranted on the factual allegations surrounding Plaintiff's new retaliation bases during time allotted by the court's scheduling order and subsequent extensions.

To the extent Defendant seeks further discovery on Plaintiff's factual allegations relating to his original claims, however, the court is not persuaded that Defendant was diligent in exploring these topics within the original discovery period. For instance, while Defendant states that each of the allegations it wishes to explore are "new" and "not foreseeable," Def.'s Mot. at 7–8; *see also* Def.'s Reply in Supp. of Mot. for Disc. at 2, ECF No. 41 ("Defendant had no notice of the allegations Plaintiff ultimately made in his Amended Complaint"), some of the factual allegations

Defendant cites, *see* Def.'s Mot at 3, closely resemble the allegations in Plaintiff's original Complaint. *Compare* Compl. ¶ 18 ("In April of 2021, Amtrak escalated matters, informing Smith that it would terminate him if he did not return to work by July of 2021."), *and id.* ¶ 26 ("The more aggressive surgery would have permitted Smith to return to work in a timely manner."), *and id.* ¶ 28 ("Smith's supervisor cited no reason for the demotion other than Smith having taken medical leave."), *with* Am. Compl. ¶ 18 ("In April of 2021, Amtrak escalated matters, informing Smith that it would no longer guarantee his position and would fill it if he were unable to return to work.") and *id.* ¶ 26 ("The more aggressive surgery permitted Smith to return to work in a timely manner.") and *id.* ¶ 27 ("Amtrak's avowed reason for replacing Smith was Smith's medical leave."). It appears then, that Defendant was largely on notice of these assertions and their relevance to Plaintiff's claims well before the close of discovery on May 9, 2023.

Indeed, some portions of the Amended Complaint upon which Defendant now relies are so related to the original allegations that it appears Defendant did, in fact, previously take discovery on them and relied on the resulting evidence in its Statement of Undisputed Material Facts. *See* Def.'s Stmt. of Undisputed Material Facts ¶¶ 13, 15, ECF 23-1; *see also* Ex. 9 to Davis Decl., ECF No. 23-3 (April 2021 letter from Amtrak notifying Plaintiff that it would "not be able to hold [his] position open through [his] expected return to work date"); Smith Dep. at 83:8-84:21, ECF No. 23-7 (inquiring into a phone call between Plaintiff and an Amtrak official regarding his timeline for returning to work); *id.* at 56:6-57:3 (inquiring into Plaintiff's medical documentation); Ex. 10 to Davis Decl., ECF 23-3 (email between Amtrak employees explaining that Smith "anticipate[d] that he will be released to return to full duty on or before June 1, 2021"). Consequently, the court cannot find that Defendant was reasonably diligent in seeking discovery on these claims; nor can

it find that the need for additional discovery was not reasonably foreseeable during the prior discovery window.

Because a movant's diligence is the court's primary concern in determining whether to reopen discovery under Rule 16, *see Lopez*, 291 F. Supp. 3d at 3, the court finds that Defendant has failed to demonstrate good cause for reopening discovery on Plaintiff's allegations which are unrelated to his new bases for retaliation.[2]   Moreover, the court agrees with Plaintiff's observation that Defendant has failed to "explain what specific discovery tools it proposes" or "how it would yield information unavailable through Amtrak's own records," Pl.'s Opp'n at 13, which supports Plaintiff's assertion that Defendant likely controls some of the evidence it now seeks, *id.* at 13–14.  And given Defendant's failure to specify the types of discovery methods it seeks to use, the court cannot conclusively determine "the likelihood that the discovery sought will lead to relevant evidence." *Lopez*, 291 F. Supp. 3d at 3.

In light of the foregoing, it is hereby **ORDERED** that the court will permit both parties to seek limited discovery, but only to the extent such efforts relate to Plaintiff's new bases for retaliation.  It is **FURTHER ORDERED** that the parties shall meet and confer, in good faith, and submit a *joint* proposal for what that limited discovery will entail **on or before August 14, 2026**.

---

[2]  Defendant also suggests that the passage of time since discovery closed warrants additional fact-finding in relation to Plaintiff's ongoing treatments, diagnoses, disability payments, and mitigation efforts.  *See* Def.'s Mot. at 8.  Such supplemental information, however, is available through Rule 26(e), *see* Fed. R. Civ. P. 26(e), to which Plaintiff appears to have agreed, *see* Pl.'s Opp'n at 12, and does not require a wholesale reopening of discovery.  The court will therefore deny Defendant's request for discovery on these topics, but it does so without prejudice.

Date: July 29, 2026

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge